1  EILEEN M. DECKER
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   LIZABETH A. RHODES (Cal. Bar No. 155299)
4  Assistant United States Attorneys
   Public Corruption & Civil Rights Section
5       1500 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-3541
7       Facsimile: (213) 894-6436
        E-mail:    Lizabeth.rhodes@usdoj.gov
8
9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
10

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          No. CR 15-237-MWF

14              Plaintiff,             PLEA AGREEMENT FOR DEFENDANT
                                       JOOHOON DAVID LEE
15              v.

16  JOOHOON DAVID LEE,

17
                Defendant.
18

19

20      1.    This constitutes the plea agreement between JOOHONN DAVID

21  LEE ("defendant") and the United States Attorney's Office for the

22  Central District of California (the "USAO") in the above-captioned

23  case.  This agreement is limited to the USAO and cannot bind any

24  other federal, state, local, or foreign prosecuting, enforcement,

25  administrative, or regulatory authorities.

26                      DEFENDANT'S OBLIGATIONS

27      2.    Defendant agrees to:

28

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Joohoon David Lee</u>, CR No. 15-237-MWF, which charges defendant with bribery, in violation of 18 U.S.C. § 201(b)(2)(A).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

<u>THE USAO'S OBLIGATIONS</u>

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to

2

1  and including the time of sentencing, recommend a two-level reduction
2  in the applicable Sentencing Guidelines offense level, pursuant to
3  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
4  additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

6  4.    Defendant understands that for defendant to be guilty of
7  the crime charged in count one, that is, bribery, in violation of
8  Title 18 United States Code § 201(b)(2)(A), the following must be
9  true:

10        a.    Defendant was a public official; and

11        b.    Defendant solicited, received, agreed to receive
12  something of value in return for being influenced in the performance
13  of an official act, being influenced to commit or allow a fraud on
14  the United States, or being persuaded to do or not to do an act in
15  violation of defendant's official duty; and

16        c.    Defendant acted corruptly, that is, intending to be
17  influenced in the performance of an official act or to commit or
18  allow a fraud on the United States or to do or to omit to do an act
19  in violation of the defendant's official duty.

## PENALTIES

21  5.    Defendant understands that the statutory maximum sentence
22  that the Court can impose for a violation of Title 18, United States
23  Code, Section 201(b)(2)(A), is: 15 years imprisonment; a three-year
24  period of supervised release; a fine of $250,000 or twice the gross
25  gain or gross loss resulting from the offense, whichever is greatest;
26  and a mandatory special assessment of $100.

27  6.    Defendant understands that supervised release is a period
28  of time following imprisonment during which defendant will be subject

3

1  to various restrictions and requirements.  Defendant understands that
2  if defendant violates one or more of the conditions of any supervised
3  release imposed, defendant may be returned to prison for all or part
4  of the term of supervised release authorized by statute for the
5  offense that resulted in the term of supervised release, which could
6  result in defendant serving a total term of imprisonment greater than
7  the statutory maximum stated above.

8      7.    Defendant understands that, by pleading guilty, defendant
9  may be giving up valuable government benefits and valuable civic
10  rights, such as the right to vote, the right to possess a firearm,
11  the right to hold office, and the right to serve on a jury.
12  Defendant understands that once the court accepts defendant's guilty
13  plea, it will be a federal felony for defendant to possess a firearm
14  or ammunition.  Defendant understands that the conviction in this
15  case may also subject defendant to various other collateral
16  consequences, including but not limited to revocation of probation,
17  parole, or supervised release in another case and suspension or
18  revocation of a professional license.  Defendant understands that
19  unanticipated collateral consequences will not serve as grounds to
20  withdraw defendant's guilty plea.

21      8.    Defendant understands that, if defendant is not a United
22  States citizen, the felony conviction in this case may subject
23  defendant to: removal, also known as deportation, which may, under
24  some circumstances, be mandatory; denial of citizenship; and denial
25  of admission to the United States in the future.  The court cannot,
26  and defendant's attorney also may not be able to, advise defendant
27  fully regarding the immigration consequences of the felony conviction
28  in this case.  Defendant understands that unexpected immigration

4

1  consequences will not serve as grounds to withdraw defendant's guilty
2  plea.

3                            FACTUAL BASIS

4      9.   Defendant admits that defendant is, in fact, guilty of the
5  offense to which defendant is agreeing to plead guilty.  Defendant
6  and the USAO agree to the statement of facts provided below and agree
7  that this statement of facts is sufficient to support a plea of
8  guilty to the charge described in this agreement and to establish the
9  Sentencing Guidelines factors set forth in paragraph 11 below but is
10 not meant to be a complete recitation of all facts relevant to the
11 underlying criminal conduct or all facts known to either party that
12 relate to that conduct.

13          In March, 2012, defendant Lee, then an ICE Special
14      Agent in Los Angeles, California, and part of the Human
15      Trafficking unit, interviewed JS, a woman who claimed to be
16      entering the United States to be a sex slave for HS, a
17      Korean business man.  About two months later, defendant
18      Lee, entered a lookout for HS into a law-enforcement
19      database.

20          About a year after JS first entered the United States,
21      defendant Lee met with HS's attorney and told the attorney
22      that if HS would pay for his trip, defendant Lee could fly
23      to Korea, interview HS and thereafter submit a favorable
24      report on HS's behalf.  HS agreed and caused $3,000 in cash
25      to be given to defendant Lee.  Within a day of receiving
26      the cash, defendant Lee deposited $1,000 in cash into his
27      bank account.  Within two days, defendant Lee purchased a
28      plane ticket to Korea.

                              5

1    Approximately ten days later, defendant Lee traveled
2    from Los Angeles to Seoul.  HS then paid for defendant
3    Lee's hotel and entertainment expenses while in Korea.  One
4    night, while being entertained by HS, defendant Lee asked
5    HS for a large sum of money to make any immigration issue
6    go away.  While HS did not give Lee the full amount
7    requested, he did give Lee between $6,000 and $7,000.  When
8    defendant Lee returned to the United States, defendant Lee
9    deposited $4,000 cash into his personal checking account.

10   The next month, defendant Lee entered wrote a report
11   relating to the HS investigation.  It said "SUBJECT WAS
12   SUSPECTED OF HUMAN TRAFFICKING.  NO EVIDENCE FOUND AND
13   VICTIM STATEMENT CONTRADICTS.  CASE CLOSED.  NO FURTHER
14   ACTION REQUIRED."

15                        SENTENCING FACTORS

16        10.  Defendant understands that in determining defendant's
17   sentence the Court is required to calculate the applicable Sentencing
18   Guidelines range and to consider that range, possible departures
19   under the Sentencing Guidelines, and the other sentencing factors set
20   forth in 18 U.S.C. § 3553(a).  Defendant understands that the
21   Sentencing Guidelines are advisory only, that defendant cannot have
22   any expectation of receiving a sentence within the calculated
23   Sentencing Guidelines range, and that after considering the
24   Sentencing Guidelines and the other § 3553(a) factors, the Court will
25   be free to exercise its discretion to impose any sentence it finds
26   appropriate up to the maximum set by statute for the crime of
27   conviction.

28

                                  6

1    11.  Defendant and the USAO agree to the following applicable
2  Sentencing Guidelines factors:

3    **Base Offense Level:**    14   U.S.S.G.  § 2C1.1(a)(1)
4  Defendant and the USAO reserve the right to argue that additional
5  specific offense characteristics, adjustments, and departures under
6  the Sentencing Guidelines are appropriate.

7    12.  Defendant understands that there is no agreement as to
8  defendant's criminal history or criminal history category.

9    13.  Defendant and the USAO reserve the right to argue for a
10  sentence outside the sentencing range established by the Sentencing
11  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
12  (a)(2), (a)(3), (a)(6), and (a)(7).

13                 WAIVER OF CONSTITUTIONAL RIGHTS

14    14.  Defendant understands that by pleading guilty, defendant
15  gives up the following rights:

16          a.   The right to persist in a plea of not guilty.

17          b.   The right to a speedy and public trial by jury.

18          c.   The right to be represented by counsel -- and if
19  necessary have the court appoint counsel -- at trial.  Defendant
20  understands, however, that, defendant retains the right to be
21  represented by counsel -- and if necessary have the court appoint
22  counsel -- at every other stage of the proceeding.

23          d.   The right to be presumed innocent and to have the
24  burden of proof placed on the government to prove defendant guilty
25  beyond a reasonable doubt.

26          e.   The right to confront and cross-examine witnesses
27  against defendant.

28

                                7

1          f.   The right to testify and to present evidence in
2    opposition to the charges, including the right to compel the
3    attendance of witnesses to testify.

4          g.   The right not to be compelled to testify, and, if
5    defendant chose not to testify or present evidence, to have that
6    choice not be used against defendant.

7          h.   Any and all rights to pursue any affirmative defenses,
8    Fourth Amendment or Fifth Amendment claims, and other pretrial
9    motions that have been filed or could be filed.

10                   WAIVER OF APPEAL OF CONVICTION

11        15.  Defendant understands that, with the exception of an appeal
12   based on a claim that defendant's guilty plea were involuntary, by
13   pleading guilty defendant is waiving and giving up any right to
14   appeal defendant's conviction on the offense to which defendant is
15   pleading guilty.

16               LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17        16.  Defendant agrees that, provided the Court imposes a total
18   term of imprisonment on all counts of conviction of no more than 30
19   months, defendant gives up the right to appeal all of the following:
20   (a) the procedures and calculations used to determine and impose any
21   portion of the sentence; (b) the term of imprisonment imposed by the
22   Court; (c) the fine imposed by the court, provided it is within the
23   statutory maximum; (d) the term of probation or supervised release
24   imposed by the Court, provided it is within the statutory maximum;
25   and (e) any of the following conditions of probation or supervised
26   release imposed by the Court: the conditions set forth in General
27   Orders 318, 01-05, and/or 05-02 of this Court; the drug testing

28

                                   8

conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 24 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

19. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

20. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.

9

1 | If the USAO declares this agreement breached, and the Court finds
2 | such a breach to have occurred, then: (a) if defendant has previously
3 | entered a guilty plea pursuant to this agreement, defendant will not
4 | be able to withdraw the guilty plea, and (b) the USAO will be
5 | relieved of all its obligations under this agreement.

6 | ## COURT AND PROBATION OFFICE NOT PARTIES

7 | 21. Defendant understands that the Court and the United States
8 | Probation Office are not parties to this agreement and need not
9 | accept any of the USAO's sentencing recommendations or the parties'
10 | agreements to facts or sentencing factors.

11 | 22. Defendant understands that both defendant and the USAO are
12 | free to: (a) supplement the facts by supplying relevant information
13 | to the United States Probation Office and the Court, (b) correct any
14 | and all factual misstatements relating to the Court's Sentencing
15 | Guidelines calculations and determination of sentence, and (c) argue
16 | on appeal and collateral review that the Court's Sentencing
17 | Guidelines calculations and the sentence it chooses to impose are not
18 | error, although each party agrees to maintain its view that the
19 | calculations in paragraph 11 are consistent with the facts of this
20 | case. While this paragraph permits both the USAO and defendant to
21 | submit full and complete factual information to the United States
22 | Probation Office and the Court, even if that factual information may
23 | be viewed as inconsistent with the facts agreed to in this agreement,
24 | this paragraph does not affect defendant's and the USAO's obligations
25 | not to contest the facts agreed to in this agreement.

26 | 23. Defendant understands that even if the Court ignores any
27 | sentencing recommendation, finds facts or reaches conclusions
28 | different from those agreed to, and/or imposes any sentence up to the

10

1 | maximum established by statute, defendant cannot, for that reason,
2 | withdraw defendant's guilty plea, and defendant will remain bound to
3 | fulfill all defendant's obligations under this agreement. Defendant
4 | understands that no one -- not the prosecutor, defendant's attorney,
5 | or the Court -- can make a binding prediction or promise regarding
6 | the sentence defendant will receive, except that it will be within
7 | the statutory maximum.

8 | ## NO ADDITIONAL AGREEMENTS

9 |     24. Defendant understands that, except as set forth herein,
10 | there are no promises, understandings, or agreements between the USAO
11 | and defendant or defendant's attorney, and that no additional
12 | promise, understanding, or agreement may be entered into unless in a
13 | writing signed by all parties or on the record in court.
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 |

11

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

EILEEN M. DECKER
United States Attorney


_____          12·4·15
LIZABETH A. RHODES                        _____
Assistant United States Attorney          Date


_____          12-4-15.
JOOHOON DAVID LEE                         _____
Defendant                                 Date


_____          12/4/15
NEHA MEHTA                                _____
Attorney for Defendant                    Date
JOOHOON DAVID LEE


## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or

12

1 representations of any kind have been made to me other than those
2 contained in this agreement.  No one has threatened or forced me in
3 any way to enter into this agreement.  I am satisfied with the
4 representation of my attorney in this matter, and I am pleading
5 guilty because I am guilty of the charges and wish to take advantage
6 of the promises set forth in this agreement, and not for any other
7 reason.

8
9 _____          12-4-15,
   JOOHOON DAVID LEE                    Date
   Defendant
10                    CERTIFICATION OF DEFENDANT'S ATTORNEY

11     I am JOOHOON DAVID LEE's attorney.  I have carefully and
12 thoroughly discussed every part of this agreement with my client.
13 Further, I have fully advised my client of his rights, of possible
14 pretrial motions that might be filed, of possible defenses that might
15 be asserted either prior to or at trial, of the sentencing factors
16 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
17 provisions, and of the consequences of entering into this agreement.
18 To my knowledge: no promises, inducements, or representations of any
19 kind have been made to my client other than those contained in this
20 agreement; no one has threatened or forced my client in any way to
21 enter into this agreement; my client's decision to enter into this
22 agreement is an informed and voluntary one; and the factual basis set
23 forth in this agreement is sufficient to support my client's entry of
24 a guilty plea pursuant to this agreement.

25
26 _____          12/4/15
   NEHA MEHTA                           Date
   Attorney for Defendant
27 JOOHOON DAVID LEE

28

                              13

<u>CERTIFICATE OF SERVICE</u>

I, **SUSAN M. CRUZ,** declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT JOOHOON DAVID LEE**

**service was:**

[√] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

Office of the Federal Public Defender
321 East Second Street
Los Angeles, California 90012
ATTN: Neha Mehta, DFPD

This Certificate is executed on **December 4, 2015,** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
                /S/
        **SUSAN M. CRUZ**